UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


SANDRA K. PRITCHARD,

            Plaintiff,

vs.                                    CASE NO. 3:04-cv-1229-J-32HTS

SHANDS JACKSONVILLE
MEDICAL CENTER, INC.,

            Defendant.
_____

**O R D E R**

     This cause is before the Court on Defendant's Motion to Compel Discovery (Doc. #16; Motion).  Defendant has filed a separate memorandum therewith.  Defendant's Memorandum of Law in Support of Motion to Compel Discovery (Doc. #17; Memorandum).

     It appears Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida (Rule(s)), has not been fully observed in connection with the Motion.  That rule envisions "a substantive conversation in person or by telephone[.]"  *Lockheed Martin Corp. v. The Boeing Co.*, Case No. 6:03-cv-796-Orl-28KRS, 2003 WL 22962782, at *5 (M.D. Fla. October 21, 2003); *see also Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575, at *2 n.1 (M.D. Fla. Aug. 14, 2000) ("Rule 3.01(g) requires counsel and unrepresented parties to . . . speak to each other in person or by

telephone[.]").   Correspondence sent in an attempt to resolve disagreements without an interactive conversation may sometimes be helpful, but it is not sufficient to satisfy Rule 3.01(g).

Further, the Motion and Memorandum together total twenty-eight pages.  In light of the interpretation of Rule 3.01(c) reflected in the Case Management and Scheduling Order (Doc. #12), this is inappropriate.   Absent prior authorization from the Court, Defendant will not be permitted to exceed twenty pages.  Finally, any future motion shall strictly adhere to the mandates of Rule 3.04(a).[1]

Accordingly, the Motion (Doc. #16) is **STRICKEN** without prejudice to the filing of a similar motion in full compliance with the Rules.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of May, 2005.

/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

---

[1]  The Court appreciates counsel's effort to satisfy Rule 3.04(a) by, in part, attaching exhibits.  However, in the future she should comply with the rule by setting out in the body of the motion the discovery items at issue, the allegedly inadequate objections, and an explanation of why the relief sought should be granted.  Recognizing this format may be difficult to achieve in view of the potential volume of discovery in dispute, separate motions may be necessary in relation to interrogatories and requests for production.

All counsel of record
     and *pro se* parties, if any