**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SANDRA K. PRITCHARD,

         Plaintiff,

vs.                                Case No. 3:04-cv-1229-J-32HTS

SHANDS JACKSONVILLE
MEDICAL CENTER, INC.,

         Defendant.

---

## ORDER

On May 17, 2005, the Court <u>sua</u> <u>sponte</u> directed the parties to file briefs discussing whether the Court's May 9, 2005 Order dismissing plaintiff Sandra K. Pritchard's ("Pritchard's") retaliation claim under the Florida Civil Rights Act ("FCRA") should be reconsidered in light of <u>Green v. Elixer Indus., Inc.</u>, 407 F.3d 1163 (11th Cir. 2005).  The Court has reviewed the parties' briefs and concludes that reconsideration is warranted.  The Court withdraws its May 9, 2005 Order and substitutes it with this Order.

Pritchard used to work as a Radiation Therapist for defendant Shands Jacksonville Medical Center, Inc. ("Shands").  (Doc. 2 ¶6.)  In her complaint, she alleges that she was terminated for discriminatory and retaliatory reasons.  (<u>Id.</u> ¶ 14.)  She asserts claims in four counts: retaliation in violation of the Family and

Medical Leave Act (Count I); handicap discrimination, failure to accommodate, and

retaliation in violation of the FCRA (Count II); retaliation in violation of Florida's

Worker's Compensation law (Count III); and age discrimination in violation of the

FCRA (Count IV).  (Id. ¶¶17-39.)

Shands moves to dismiss Pritchard's FCRA retaliation claim in Count II

because Pritchard did not explicitly allege retaliation in the charge that she dual

filed with the Jacksonville Human Rights Commission and the United States Equal

Employment Opportunity Commission.  Shands attaches the charge as an exhibit

to its motion.  (Doc. 8 Ex. A.)  Pritchard checked the "age" and "disability" boxes

but did not check the "retaliation" box.  In the statement of particulars, Pritchard

alleged:

1.     I was denied the ability to return to work and subsequently
       terminated in my position as a Radiation Therapist with Shands
       Jacksonville on November 25, 2003.  I began employment with
       the company on May 5, 1993.

2.     I was informed in a letter from Ms. Alicia Hinte, Employee
       Benefits Office, dated November 25, 2003, that I was being
       terminated for failure to return to work upon exhausting my
       FMLA on November 4, 2003.

3.     I believe I was terminated because of my age and because of a
       perceived disability in violation of the Age Discrimination in
       Employment Act (ADEA) and the Americans With Disabilities
       Act (ADA).

4.     I feel this way because I was hired with an accommodation
       allowing the use of a trapeze device to assist patients as the
       result of my disability; the device was removed during

-2-

> December 1999 or January 2000.  I was injured as a result of
> assisting 37 different patients on March 12, 2003, without the
> assistance that the respondent had agreed to be provided.  On
> April 1, 2003, a meeting was held and a decision was made to
> continue using assistance from other employees rather than
> reinstalling the trapeze device as a way of assisting me in the
> performance of my job.  The injury became more painful and
> restrictions were imposed ... but the job required 35 pounds of
> lifting.  I was placed on FMLA effective August 12, 2003.  Later,
> my Physician changed my restrictions to 20 pounds and I
> advised the employer of the change.  Ms. Adrien Green of
> Human Resources advised me that the lifting restrictions for the
> position had been modified ... .  Since I was now qualified to
> return to work and I advised [defendant] ... but my calls were
> never returned.  Shortly thereafter, I received the letter notifying
> me of my termination.  I also believe that I was terminated
> because of my age ... .

(Id.)

Now, in this lawsuit, Pritchard alleges that Shands retaliated against her for

requesting a reasonable accommodation, and argues that she sufficiently raised

this claim in her charge.  (Doc. 10 p.3.)  She asserts that since she referenced an

accommodation in her statement of particulars, a retaliation claim "could

reasonably be expected" to grow from the charge.  (Id. p.4.)  Pritchard attaches

Shands's charge response and points to a statement made therein that Shands

provided her with a reasonable accommodation.  (Id. Ex. 1.)  Pritchard asserts,

moreover, that she filed her charge without legal assistance and should not be

-3-

punished for her understanding, or lack thereof, at the administrative level.[1]  (Id. p.4.)

Dismissal is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In deciding a motion to dismiss, a court may examine the complaint and any matters referenced therein.  See Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir.1997).  Here, that includes the charge since Pritchard referenced it at paragraph five of the complaint.  See Dubisar-Dewberry v. Folmar, 883 F.Supp. 648, 651 n.4 (M.D. Ala. 1995)(considering charge referenced in complaint without converting motion to dismiss to motion for summary judgment and citing cases that support doing so).

To maintain an FCRA retaliation claim, a plaintiff must exhaust her administrative remedies by filing a timely charge with an appropriate agency.  See Fla.Stat. §760.11; see also Jackson-Levarity v. Department of Children & Families, No. 02-CA 27, 2003 WL 21704323, at *4 (Fla. 2d DCA 2003); Armstrong v. Lockheed Martin Beryllium Corp., 990 F.Supp. 1395, 1399 (M.D. Fla. 1997).  The charge requirement serves the purposes of giving the employer notice of alleged

---

[1]    Pritchard's charge appears to be generated from a computer form.  Pritchard does not indicate whether she received assistance from an agency specialist presumably familiar with the relevant laws.

unlawful practices and allowing the agency the opportunity to conciliate before a lawsuit is filed.  See Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 929 (11th Cir. 1983).

Florida courts have held that decisions construing Title VII are applicable when considering claims under the FCRA since the FCRA was patterned after Title VII.  Harper v. Blockbuster Enter. Corp., 139 F.3d 1385, 1387 (11th Cir. 1998)(citing Florida cases); see also Jackson-Levarity v. Department of Children & Families, No. 02-CA 27, 2003 WL 21704323, at *3 n.1 (Fla. Cir. Ct. March 7, 2003) (construing FCRA exhaustion requirements in conformity with Title VII exhaustion requirements).  Since there is a dearth of state cases discussing in detail FCRA exhaustion requirements, the Court will turn to recent cases construing federal exhaustion requirements.

The Eleventh Circuit has held that a plaintiff exhausts her administrative remedies when the claims in her complaint are "like" or "reasonably related" to her charge allegations.  See Coon v. Georgia Pacific Corp., 829 F.2d 1563, 1569 (11th Cir. 1987); Equal Employment Opportunity Comm. v. Miss. College, 626 F.2d 477, 483 (5th Cir. 1980).  The Eleventh Circuit has explained this standard as limiting a plaintiff's complaint to "the scope of the [agency] investigation which can reasonably be expected to grow out of the charge of discrimination."  Mulhall v. Advance Sec., Inc., 19 F.3d 586, 589 n. 8 (11th Cir.1994).

-5-

The Eleventh Circuit's latest opinions on exhaustion of administrative remedies reinforce its proclaimed "liberal" application of the standard, under which district courts should be "extremely reluctant" to allow procedural technicalities to bar employment claims. See Gregory v. Georgia Dept. of Human Resources, 355 F.3d 1277, 1280 (11th Cir. 2004)(quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460-61 (5th Cir. 1970)); Green, 407 F.3d at 1167 (quoting Gregory).

In Green, a black employee filed a charge against his employer alleging that he had been terminated for attendance reasons without prior warnings even though white employees were not terminated under similar circumstances. Green, 407 F.3d at 1166. The employee stated in the charge that he believed he was discriminated against because of his race and that the discrimination occurred only on the day he was terminated. Id. After receiving a right to sue, the employee filed a lawsuit alleging, in addition to unlawful termination, that he was subjected to a hostile environment. Id. In reversing summary judgment in favor of the employer on the hostile environment claim, the Eleventh Circuit held that the employee's claims of hostile environment could reasonably be expected to grow out of his charge. Id. at 1169. The Eleventh Circuit's analysis focused on the following facts: (1) the employee drafted his charge without the benefit of a lawyer; (2) evidence regarding the hostile environment was "inextricably intertwined" with evidence regarding the wrongful termination since, among other reasons, the

-6-

manager who was responsible for the harassing conduct was the same manager

who was responsible for the termination; and (3) evidence of racial harassment at

the employer's plant, if believed, was so substantial that the employer effectively

had notice of a hostile environment claim.  Id. at 1167-69.[2]

In Gregory, a black female doctor filed a charge against her employer

alleging that she had been terminated for "no legitimate reason."  Gregory, 355

F.3d at 1279.  The doctor gave examples of the ways in which white male doctors

had been treated differently.  Id.  The doctor stated in the charge that she believed

she had been discriminated against on the bases of her race and sex because she

had been an exemplary employee.  Id.  The doctor marked only the boxes for race

and sex discrimination and did not mark the box for retaliation.  Id.  After receiving

a right to sue, the doctor filed a lawsuit alleging that her termination was motivated

by her race and was in retaliation for complaints about her supervisor's conduct.

Id.  The district court concluded that she had sufficiently exhausted her

administrative remedies as to the retaliation claim, and the Eleventh Circuit

affirmed, concluding that the doctor "stated facts from which a reasonable [agency]

investigator could have concluded that what she had complained about is

---

[2]     The dissenting judge in Green noted that he was "unaware of any case that, heretofore, permitted [the court] to conclude that a claim was fairly raised in the absence of a single factual allegation that would support such an inference." Green, 407 F.3d at 1170 (Hill, J., dissenting).

retaliation ... . An [agency] investigation of her race and sex discrimination complaints leading to her termination would have reasonably uncovered any evidence of retaliation."  Id. at 1280.

Shands asserts that Green merely illustrates the fact-specific nature of the inquiry and emphasizes the importance of the notice requirement.  While this may be true, applying the lessons of Green and Gregory here, the Court finds that Pritchard exhausted her administrative remedies with respect to her FCRA retaliation claim.  Pritchard specifically stated in her charge that she was hired with an accommodation in 1993, that this accommodation was changed in 1999 or 2000, that a meeting was held to discuss the accommodation in 2003, that she took leave shortly thereafter, and that she subsequently was terminated.  An agency's reasonable investigation into these allegations would have uncovered the circumstances surrounding her accommodation, leave, and termination, including any retaliation, since all of these events were close in time and factually intertwined.  As has been the case well before Green and Gregory, Pritchard's failure to check the "retaliation" box does not change this result.  See Sanchez, 431 F.2d at 463 ("[W]e decline to hold that the failure to place a check mark in the correct box is a fatal error.  In the context of Title VII, no one - - not even the

unschooled - - should be boxed out.").[3]

For these reasons, it is hereby **ORDERED**:

1.     The Court's May 9, 2005 Order dismissing Pritchard's FCRA

retaliation claim (Doc. 15) is **WITHDRAWN** and substituted by this Order.  That

portion of Count II of Pritchard's complaint alleging an FCRA retaliation claim,

previously dismissed without prejudice, is **REINSTATED**.

2.     Defendant's Motion to Partially Dismiss Plaintiff's Complaint (Doc. 7)

is **DENIED**.

---

[3]     In the previous Order, now withdrawn, the Court noted that many courts in the Eleventh Circuit have held that certain retaliation claims based on pre-charge acts were not "like" or "reasonably related" to the discrimination allegations in the charges.  See Harrington v. Children's Psychiatric Ctr., Inc., No. 03-60212-CIVHUCK, 2003 WL 23356396, at *5 (S.D. Fla. Dec. 9, 2003); Williamson v. International Paper Co., 85 F.Supp.2d 1184, 1196 (S.D. Ala. 2000); Buzzi v. Gomez, 62 F.Supp.2d 1344, 1353 (S.D. Fla. 1999); Clark v. City of Macon, 860 F.Supp. 1545, 1551 (M.D. Ga. 1994); Cabiness v. YKK (USA), Inc., 859 F.Supp. 582, 586 (M.D. Ga. 1994); Eastwood v. Victor Temporaries, 441 F.Supp. 51, 53 (N.D. Ga. 1977).  However, these cases were decided before Green and Gregory. This is not to say that the exhaustion requirement now is meaningless.  Two cases decided after Green and Gregory demonstrate when the differences in subject matter or temporal period "are simply too great."  See Belt v. Alabama Historical Comm'n, No. Civ. A. 04-0331-WSM, 2005 WL 1653728, at * (S.D. Ala. July 12, 2005)(holding no exhaustion of claim for retaliation in form of co-worker harassment from October 2003 to April 2004 where charge filed in August 2003 alleged only retaliation in form of diminution in job duties in March 2003 for statements made in February 2003 deposition); Cleveland v. Greene County Sch. Sys., No. 3:04-CV-99 (CDL), 2005 WL 1185638, at *3 (M.D. Ga. May 18, 2005)(holding no exhaustion of race discrimination claim where charge alleged only age discrimination, did not mention plaintiff's race, and indicated that race of one of two candidates hired instead of plaintiff was same as plaintiff).

3.      It appears that Defendant's Amended Answer and Affirmative

Defenses to Plaintiff's Complaint (Doc. 26) has answered Count II of Pritchard's

complaint alleging an FCRA retaliation claim since that claim was set forth along

with others that were not the subject of the motion to dismiss.  To the extent

Shands wishes to specifically respond to the FCRA retaliation claim, it may do so

on or before **September 9, 2005**.

       **DONE AND ORDERED** at Jacksonville, Florida on August 26, 2005.

_____
TIMOTHY J. CORRIGAN
United States District Judge

p.
Copies to counsel of record