**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SANDRA K. PRITCHARD,

    Plaintiff,

vs.                              CASE NO. 3:04-cv-1229-J-32HTS

SHANDS JACKSONVILLE
MEDICAL CENTER, INC.,

    Defendant.
_____

**O R D E R**

    This cause is before the Court on Defendant's Motion Requesting Ruling on Substance of Motion for Rule 35 Examination of Plaintiff and Motion for Extension of Expert Witness Disclosure Deadline (Doc. #39; Motion Requesting Ruling). No opposition was filed in response thereto.

    Because Defendant's Motion for Rule 35 Examination of Plaintiff (Doc. #28; Motion for Examination) was not yet ripe for decision when the examination dates requested therein passed, the Court denied it as moot along with the related Motion for Extension of Expert Witness Disclosure Deadline (Doc. #25; Motion for Extension). Order (Doc. #37). Rather than filing a new self-contained motion proposing an appropriate date for the examination, Defendant thereafter filed the Motion Requesting Ruling, representing "its expert will be available to conduct the Rule 35

exam of Plaintiff . . . within two (2) weeks of the Court's ruling." *Id.* at 2-3.  In light of this representation, and the lack of opposition to the Motion Requesting Ruling, the Court will proceed to consider whether the expert disclosure deadline should be extended and an examination pursuant to Rule 35, Federal Rules of Civil Procedure (Rule(s)), ordered.

The Motion for Extension concedes an enlargement of the deadline at issue would normally be permitted only if the original "schedule could not be met despite the diligence of the party seeking an extension." *Id.* at 7.  Further, Defendant admits that "[o]n July 12, 2005, Plaintiff served her Supplemental Answers to Defendant's First Set of Interrogatories[.] . . . Plaintiff clarified her claim for emotional distress damages in her Supplemental Interrogatory Answers." *Id.* at 5.  Even assuming Defendant had no notice of the nature of damages claimed until July 12, 2005, it fails to explain why it could not have met the deadline then nearly a month away. *Cf.* Motion Requesting Ruling at 2-3 (maintaining an exam can be conducted and report submitted within a two-week period).

Plaintiff contends "Defendant cannot seriously claim that it could not have met" the August 8, 2005, deadline.  Plaintiff's Response to Defendant's Motion for Extension of Expert Witness Disclosure Deadline (Doc. #33) at 1.  She asserts that, "[o]n March 28, 2005, [she] served [her] initial answers to Defendant's

2

interrogatories which included information about emotional distress damages and the identity of her doctors." *Id.* at 1-2.  Indeed, in correspondence dated April 26, 2005, Defendant argued "Plaintiff is claiming emotional distress damages and, therefore, any mental or emotional condition . . . is clearly relevant[.]"  Exhibit B, attached to the Motion for Extension, at  [externally numbered] 3.  In its Motion for Examination, the corporation cites allegations in the complaint for the proposition Plaintiff placed her mental condition at issue.  Motion for Examination at 5-6; *cf.* Complaint and Demand for Jury Trial (Doc. #2; Complaint) at 7, 9 (seeking damages for emotional distress); Complaint at 6, 8-9 (alleging Defendant's actions caused and continue to cause mental anguish, loss of enjoyment of life, distress, humiliation, and other non-pecuniary losses).  It thus appears Defendant perceived early on the need to promptly obtain any clarification that might affect its decision to seek a Rule 35 examination.

Even were the Court to grant the extension sought, it would not order Plaintiff to submit to an examination.  Under Rule 35(a), the Court may order a party to submit to a "mental examination by a suitably licensed or certified examiner" when the mental condition of the party is in controversy and good cause is shown.  Ms. Pritchard cites cases for the proposition a Rule 35 examination is inappropriate where the plaintiff is not claiming ongoing psychological or emotional harm.  Response to Defendant's Motion

3

for Rule 35 Examination of Plaintiff (Doc. #36; Response) at 3. She indicates her present mental condition is not in controversy since her "deposition does not necessarily demonstrate the . . . continuing nature" of her alleged emotional damage. *Id.* The Court will interpret this to mean she is "confirm[ing] by way of [the Response] that she will only bring her past emotional condition into issue[.]" *Curtis v. Express, Inc.*, 868 F. Supp. 467, 469 (N.D.N.Y. 1994); *see also* Response at 3 (citing *Curtis*). Accordingly, a mental examination would not be necessary.

In accordance with the foregoing,

**IT IS ORDERED**:

The Motion Requesting Ruling (Doc. #39) is **GRANTED** to the extent reflected herein.  Otherwise, it is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of November, 2005.

/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record
    and *pro se* parties, if any

4